IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wondell Timmons, Jr., | ) | Case No.: 4:24-cv-0598-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Lt. Mike Hartson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 30.) Plaintiff Wondell Timmons, Jr. ("Plaintiff" or "Timmons"), who is proceeding pro se, brought this action alleging a violation of his civil rights by Defendant Lt. Mike Hartson ("Hartson" or "Defendant"). (DE 22.)

Plaintiff alleges Hartson filed a false incident report charging Plaintiff with disorderly conduct. (DE 22, p. 1.) Plaintiff claims Hartson has not shown proof or evidence that Plaintiff was guilty of disorderly conduct "with a appropriate federal court with a judge decision." (*Id.*) In support of his claims, Plaintiff references Incident Report 20233217. (*Id.*)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On April 23, 2024, the Magistrate Judge issued the Report recommending Plaintiff's Complaint be dismissed because even "[c]onstruing Plaintiff's allegations as being brought pursuant to 42 U.S.C. § 1983, . . . Plaintiff has failed to allege sufficient facts to establish constitutional wrongdoing or discriminatory actions attributable to Lieutenant Hartson." (DE 30, p. 3.) Further, "[a]lthough Plaintiff alleges Lieutenant Hartson filed a false incident report, Plaintiff has not explained why the incident report that was prepared by Lieutenant Hartson was false," and "Plaintiff has also not shown how he was allegedly injured by the filing of the false incident report." (*Id.*)

Timmons objected to the Report on May 6, 2024 (DE 33); however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—*that are at the heart of the parties' dispute.*'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of *specific* objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Specifically, Plaintiff states, "I, the plaintiff Wandell Timmons Jr. is ordering with U.S. District Court of South Carolina to file a order of objection with case name Timmons v. Hartson, case number 4:24-cv-00598-RBH-KDW, and order to proceed with case name Timmons v. Hartson to get a decision with U.S. District Court of South Carolina." (DE 33, p. 1.) However, nowhere in Timmons's objection does he address the facts to establish constitutional wrongdoing or discriminatory actions attributable to Hartson, why the incident report that was prepared by Hartson was false, or how he was allegedly injured by the filing of the false incident report. Therefore, the Court overrules the objection. Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 30) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process and any pending motions are otherwise terminated as moot.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 25, 2024

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.